IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FREDDIE L. HARE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3304 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY CORRECTIONS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court because it appears that this case may have been abandoned. The plaintiff, Freddie L. Hare, Jr., filed this action while a prisoner, complaining of deficient medical treatment provided at the Douglas County Correctional Center ("DCCC"). At the time he filed his complaint, the plaintiff was a state prisoner. However, the court has since learned from the website of the Nebraska Department of Correctional Services ("DCS") that the plaintiff has been released from custody. That information is consistent with the plaintiff's complaint in which he noted his anticipated release date in March of 2006 and provided a prospective residential address of 1941 South 17th Street, Omaha, NE 68108.

    However, in an Order on Initial Review filed on March 31, 2006, the court sent forms to the plaintiff to complete and return so that the U.S. Marshal could serve the defendants with process on the plaintiff's behalf. The plaintiff has not returned any forms, and the deadline is fast approaching.

    In addition, a prisoner who is released from custody after filing a civil complaint may file a new motion for leave to proceed in forma pauperis ("IFP") based on the changed

1

circumstances caused by release from prison. If IFP status is then granted, the plaintiff is relieved of any liability for the balance of the filing fee. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners."). Therefore, if the plaintiff wishes to pursue this litigation and if he qualifies to proceed IFP, he should now file a new motion for leave to proceed IFP.

THEREFORE, IT IS ORDERED:

1. That the plaintiff shall have until June 12, 2006 to show cause in writing why this case should not be dismissed, without prejudice, as abandoned;

2. That if the plaintiff does intend to pursue this case at this time, he may request a form for an IFP application as well as forms for service of process, if needed, as the deadline for service of process is approaching;

3. That in the absence of a timely response from the plaintiff, this case may be subject to dismissal without prejudice, as abandoned; and

4. That the Clerk of Court shall mail this Order to the prospective residential address of 1941 South 17th Street, Omaha, NE 68108, provided in the plaintiff's complaint.

DATED this 22nd day of May, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge